# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN WINGERD,

    Plaintiff,

v.

KAABOOWORKS SERVICES, LLC and
THE MADISON COMPANIES, LLC,

    Defendants.

Case No. 18:CV-2024-JAR-KGG

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 159) of the Court's decision granting summary judgment on Plaintiff's two California statutory wrongful termination claims. For the reasons stated below, Plaintiff's motion is denied.

**I.  Legal Standard**

Under D. Kan. Rule 7.3(a), "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60" to alter or amend the judgment. Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice.[1] Plaintiff asserts that reconsideration is warranted under the third prong.

A motion to alter or amend judgment is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law."[2] A motion for

---

[1] *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

[2] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

reconsideration is not an opportunity to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

## II. Discussion

Plaintiff asserts that the Court erred in two ways: (1) by applying the Restatement (First) of Conflict of Laws to determine the proper choice of law as to Plaintiff's claims, and (2) by conducting a choice of law analysis with regard to Plaintiff's California statutory claims. The Court considers these arguments in turn.

### A. Restatement (First) of Conflict of Laws

Plaintiff asserts that a 2007 Kansas Supreme Court decision demonstrates that Kansas courts are willing to look outside the First Restatement, and the Court erred in applying the First Statement to Plaintiff's claims. In *In re K.M.H.*, the Kansas Supreme Court affirmed that Kansas *generally* uses the First Restatement to determine choice of law issues,[4] as well as deviated from that approach given the unique situation at hand: determining the parental rights of a sperm donor.[5] The Kansas Supreme Court determined that although the insemination occurred in Missouri, every other contact between the parties occurred in Kansas: the parties were Kansas residents, the agreement was arrived at in Kansas, the children were born in Kansas, and the children resided in Kansas.[6] Accordingly, the court found that the "significant contacts and a significant aggregation of contacts with Kansas" justified applying Kansas law, citing the Due Process Clause and the Second Restatement.[7] Plaintiff urges the Court to apply the Second

---

[3] *Id.*

[4] *See In re K.M.H.*, 169 P.3d 1025, 1031 (Kan. 2007).

[5] *Id.* at 1029.

[6] *Id.* at 1032.

[7] *Id.*

Restatement here, and asserts that the result is an application of California law to Plaintiff's wrongful termination claims. While the Court acknowledges that *In re K.M.H.* demonstrates Kansas courts' willingness to look beyond the First Restatement when appropriate, the Court finds that it is not appropriate here, and further, that the Second Restatement would also lead the Court to apply Kansas law to Plaintiff's wrongful termination claims.

In *Aiken v. Employer Health Services, Inc.*, the Tenth Circuit applied the First Restatement—per Kansas choice of law rules—to the plaintiff's wrongful discharge claim, finding that Missouri law applied because Missouri was the "place of the wrong."[8] However, the court recognized

> that application of the traditional *lex loci delicti* approach may, in some instances, result in application of the law of a state that has little connection with the underlying cause of action. In such instances, it is conceivable that the Kansas courts would allow a reviewing court to go beyond the traditional approach and consider other factors, such as those listed in Restatement (Second) of Conflicts of Laws.[9]

In the present case, the Court applied the First Restatement because there was simply no reason to deviate from the First Restatement; the traditional approach resulted in the application of the law of a state with a strong connection to the underlying cause of action. The Court determined that Kansas law should apply to Plaintiff's wrongful termination claims because Plaintiff was terminated in Kansas.[10] Kansas can hardly be said to have "little connection with the underlying cause of action" given that Plaintiff is a Kansas resident who conducted business from his home office in Kansas and who was physically in Kansas when he was terminated.

---

[8] *Aiken v. Emp'r Health Servs., Inc.*, 81 F.3d 172, 1996 WL 134933, at *2 (10th Cir. Mar. 23, 1996) (unpublished table decision).

[9] *Id*.

[10] Doc. 157 at 40.

However, even if the Court looked outside the traditional approach and considered the factors of the Second Restatement—namely, the state with the most significant relationship to the cause of action—the Court would reach the same conclusion.[11] Kansas is the state with the most significant relationship to Plaintiff's wrongful termination claims. Although the termination decision was made in California, both the termination and notice of termination occurred in Kansas, Plaintiff worked primarily from his home office in Kansas, and the termination was either based on lack of contract performance while Plaintiff was in Kansas—*i.e.*, excessive absence, lack of participation in meetings, failure to lead—or, as Plaintiff contends, his cancer and protected acceptance of accommodations. The factual support underlying Plaintiff's wrongful termination claims does not arise from activities that occurred in California. Accordingly, under the Second Restatement, the state with the most significant relationship to Plaintiff's wrongful termination claims is Kansas.

By comparison, under the significant relationship test, Plaintiff's demotion claims are governed by California law, the same result the Court found in its summary judgment order using the First Restatement approach.[12] The significant contacts concerning the demotion were in California: the decision to demote Plaintiff was in California, the implementation of the demotion was in California, and the alleged reason for the demotion was either based on Plaintiff's inability to fulfill his contractual responsibilities in California, namely, managing the

---

[11] Restatement (Second) of Conflict of Laws § 145 (1971) ("(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6. (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.").

[12] Doc. 157 at 41.

department for the duration of the Del Mar festival, or, as Plaintiff contends, his sickly appearance, which Defendants observed for the first time at the festival. Thus, the state with the most significant relationship to Plaintiff's demotion claims is California. Accordingly, the Court finds that either choice of law analysis would lead the Court to the same result, regardless of whether the Court applies the First or Second Restatement to Plaintiff's California claims.

In its summary judgment order, the Court refused to look outside the approach consistently taken by Kansas courts and the Tenth Circuit after finding that the result of the traditional approach was appropriate.[13] Accordingly, the Court finds there is no clear error.

B. **Choice of Law Analysis**

Alternatively, Plaintiff asserts that the Court incorrectly viewed the California statutory claims as presenting a choice of law issue. In Plaintiff's response to the Motion for Summary Judgment, Plaintiff pointed the Court to a number of securities law cases, and urged the Court that the reasoning of those cases was "equally applicable" to Plaintiff's FEHA claims because of "today's society, where an employee may live in one state, his employer be incorporated in another and live still elsewhere, and the focus of the employment acts and relationship be centered in yet another location."[14] To clarify, in refusing to apply the reasoning of the securities actions to Plaintiff's FEHA claims, the Court did not recognize a clear rule that *only* securities statutes are excluded from the choice of law analysis. Rather, the Court found that securities actions are unique, particularly because multiple securities statutes may be enforced

---

[13] *See, e.g.*, *Anderson v. Commerce Constr. Servs.*, 531 F.3d 1190, 1194 (10th Cir. 2008) (citing *Ling v. Jan's Liquors*, 237 Kan. 629 (Kan. 1985) and *Miller v. Dorr*, 262 F. Supp. 2d 1233, 1238 (D. Kan. 2003)); *see also Talavera v. Wiley*, 725 F.3d 1262, 1268 (10th Cir. 2013) (citing *Ling* and applying *lex loci delicti*).

[14] Doc. 128 at 92.

5

simultaneously to regulate the same conduct, a distinct issue from the one presented here.[15] Given the uniqueness of securities actions, the Court concluded that Plaintiff's reliance on language and analysis from the securities actions was misplaced.

In his Motion for Reconsideration, Plaintiff now points the Court to four cases where district courts outside this district have excluded non-securities statutory claims from a choice of law analysis.[16] No circuit court has definitively addressed Plaintiff's argument. In subjecting Plaintiff's statutory claims to a choice of law analysis, the Court followed an approach used by other courts in this district and across the country.[17] Accordingly, the Court finds it was not clear error to do so. However, even if the Court looked solely to the FEHA to determine whether Plaintiff may bring a statutory claim under California law—rather than conduct a choice of law analysis—Plaintiff's FEHA wrongful termination claims are still improper.

---

[15] *United Heritage Life Ins. Co. v. First Matrix Inv. Servs. Corp.*, No. CV 06-0496-S-MHW, 2009 WL 3229374, at *4 (D. Idaho Sept. 30, 2009); *see also Simms Inv. Co. v. E.F. Hutton & Co., Inc.*, 699 F. Supp. 543, 545 (M.D.N.C. 1988) ("Overlapping state securities laws do not present a classic conflict of laws question.").

[16] Plaintiff did not cite these cases in his response, and all of these cases pre-date Defendant's summary judgment motion. *See Summit Auto Sales, Inc. v. Draco, Inc.*, No. 15-CV-00736-KOB, 2017 WL 3896691, at *6 (N.D. Ala. Sept. 6, 2017); *Quintero Cmty. Ass'n v. Hillcrest Bank*, No. 11-00893-CV-W-DGK, 2013 WL 55643, at *4 (W.D. Mo. Jan. 3, 2013); *Richmond Fredericksburg & Potomac R.R. Corp. v. Aetna Cas. & Sur. Co.*, No. 96-CV-1054-AHN, 1997 WL 205783, at *2 (D. Conn. Apr. 11, 1997); *Kilroy Indus. v. United Pac. Ins. Co.*, 608 F. Supp. 847, 860–61 (C.D. Cal. 1985).

[17] *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1234 (D. Kan. 2015) (dismissing statutory claims after noting that "at least some applicable states would therefore choose to apply their own laws under choice-of-law rules that require application of the law of the place of injury"); *Clements v. Emery Worldwide Airlines, Inc.*, 44 F. Supp. 2d 1141, 1143 (D. Kan. 1999) (conducting a choice of law analysis to determine whether plaintiff is entitled to relief under Kansas Minimum Wage and Maximum Hours law); *Andy's Towing, Inc. v. Bulldog Bldg. Sys., Inc.*, No. 10-2354-JTM, 2011 WL 2433679, at *6 (D. Kan. June 14, 2011) (conducting a choice of law analysis to determine whether Kansas or Oregon law governed the plaintiff's consumer fraud claims); *Thompson v. Jiffy Lube Int'l, Inc.,* 250 F.R.D. 607, 628 (D. Kan. 2008) (finding that "Kansas choice-of-law rules would likely dictate that the laws of each state where prospective class members took their vehicles for service would govern the tort claims of such class members" with regard to statutory consumer protection claims); *Kelly v. Quotron Sys., Inc.*, No. 91 CIV. 5408 (WK), 1993 WL 106048, at *5 (S.D.N.Y. Apr. 8, 1993) (dismissing FEHA claims after conducting a choice of law analysis); *Burnside v. Simpson Paper Co.*, 864 P.2d 937, 942 (Wash. 1994) (en banc) (conducting a choice of law analysis to determine whether the FEHA or Washington statutory law applied); *Hilb Rogal & Hobbs Co. v. Rick Strategy Partners, Inc.*, No. CIV.A.3:05CV355, 2006 WL 5908727, at *11 (E.D. Va. Feb. 10, 2006) (dismissing Virginia statutory claims after finding that Georgia law was the proper choice of law); *Hamby v. Ohio Nat. Life Assur. Corp.*, No. CIV. 12-00122 JMS, 2012 WL 2568149, at *4 (D. Haw. June 29, 2012) (dismissing Washington statutory claims after finding that Hawaii law applied in a choice of law analysis).

There is a presumption that state statutes do not apply extraterritorially.[18] The California Court of Appeals has held that the FEHA "was not intended to apply to non-residents where . . . the *tortious* conduct took place out of this state's territorial boundaries."[19] In its previous order, the Court found that Plaintiff's FEHA demotion claims applied extraterritorially because the tortious conduct underlying Plaintiff's demotion occurred primarily in California.[20]

Conversely, the tortious conduct underlying Plaintiff's wrongful termination claim occurred primarily in Kansas. Plaintiff was terminated and felt the injury of his termination in Kansas. The fact that much of Plaintiff's work focused on a festival in California is not dispositive, nor is the fact that Defendants made the termination decision—but did not execute or notify Plaintiff of that decision—in California.[21] The facts underlying Plaintiff's wrongful termination claim—namely that he was terminated because of his cancer and acceptance of protected accommodations—do not arise from activity that occurred in California. Certainly, the FEHA "constitutes a comprehensive scheme for 'safeguarding the right and opportunity of all persons to seek and hold employment free from discrimination'" *in California*.[22] Indeed, the Court agrees that claims arising from Defendant's actions in California, such as Plaintiff's alleged demotion at the Del Mar festival, are protected by that scheme. However, Plaintiff's wrongful termination claims, which arise from tortious conduct occurring outside of California, are not governed by California law. Plaintiff, a Kansas resident, who, per his contract, worked

---

[18] *Sims v. Worldpac Inc.*, No. C 12-05275 JSW, 2013 WL 663277, at *2 (N.D. Cal. Feb. 22, 2013).

[19] *Campbell v. Arco Marine, Inc.*, 50 Cal. Rptr. 2d 626 (Cal. Ct. App. 1996) (alteration in original) (emphasis added).

[20] Doc. 157 at 42.

[21] Although the *Sims* court found that the location of the decision is not "immaterial," the Court does not find this one action to be sufficient when the remainder of the conduct underlying the claim occurred outside California. *See Sims*, 2013 WL 663277, at *3.

[22] *See Sahinovic v. Consol. Delivery & Logistics, Inc.*, No. C 02-4966 SBA, 2004 WL 5833528, at *4 (N.D. Cal. Sept. 14, 2004) (citing *Brown v. Superior Court*, 691 P.2d 272, 276 (1984)).

from his home in Kansas, who was employed by a Colorado company, and who was terminated by individuals sitting in Colorado when he was at his home in Kansas, may not bring a California statutory wrongful termination claim when the tortious conduct underlying his termination claim occurred outside of California.

As stated above, there is a presumption that state statutes do not apply extraterritorially. Here, the Court is unpersuaded that Plaintiff has defeated that presumption. Accordingly, the Court finds that granting summary judgment as to Plaintiff's FEHA wrongful termination claims is not clear error.

### C. Manifest Injustice

Finally, Plaintiff asserts that this case is unique given the tragic reality of Plaintiff's cancer and argues that Plaintiff has demonstrated manifest injustice because the appellate process presents the real risk that Plaintiff will not be present to prosecute his claims in the event of a new trial. However, as discussed above, the Court finds that even if the Court adopts either approach desired by Plaintiff, his FEHA wrongful termination claims are still subject to dismissal.

Further, to the extent Plaintiff's motion asks the Court to certify questions to the Kansas Supreme Court after the Court has already granted an adverse ruling, the Court denies Plaintiff's request.[23] "The decision to certify 'rests in the sound discretion of the federal court.'"[24] "The court will certify only questions which are both unsettled and dispositive."[25] Here, the Court

---

[23] *See O'Shea v. Welch*, No. 01-2336-JWL, 2002 WL 1071938, at *2 (D. Kan. May 15, 2002); *Beam v. Concord Hosp., Inc.*, No. 93-4188-SAC, 1995 WL 408436, at *2 (D. Kan. May 3, 1995).

[24] *Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[25] *Beam*, 1995 WL 408436, at *2.

8

finds that the issues raised by Plaintiff are not dispositive.  Accordingly, the Court finds there is no manifest injustice in denying Plaintiff's Motion for Reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 159) is **denied**.

**IT IS SO ORDERED.**

Dated: April 12, 2019

                                                s/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE