# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN WINGERD,

  **Plaintiff,**

v.

KAABOOWORKS SERVICES, LLC,
and THE MADISON COMPANIES, LLC,

  **Defendants.**

Case No. 18-CV-2024-JAR

## MEMORANDUM AND ORDER

  Before the Court are Plaintiff's two Motions for Leave to File Documents Under Seal: (1) Motion for Leave to File Under Seal His Objections to Defendant's Deposition Designations (Doc. 180) and (2) Motion for Leave to File Under Seal Motion in Limine and Exhibits B, D, and I (Doc. 191). Defendants informed the Court that they do not oppose the motion, and the Court is prepared to rule. For the reasons below, the Court **denies** Plaintiff's motion to file his objections under seal and **denies without prejudice** Plaintiff's motion to file his motion in limine and accompanying exhibits under seal.

  Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[1] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[2] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[3] "The party seeking to

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Id.*; *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016).

overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[4] Additionally,

> The fact that the exhibits are "confidential" within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record. The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. The disclosure analysis under Rule 26(c) generally balances the need for discovery against the need for confidentiality. But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher.[5]

In his February 27, 2019 Amended Protective Order, Judge Gale explained:

> In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) *when the preceding measures are inadequate*, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.[6]

After reviewing the record in this case, the Court recognizes that the standard detailed above was not necessarily met in the previous motions to seal. Moving forward, the Court will rigorously apply this standard to all motions for leave to file under seal.

The Court first considers Plaintiff's motion to file his objections and counter-designations to defendants' deposition designations under seal. In support of his motion, Plaintiff asserts that

---

[4] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[5] *New Jersey & its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, at *2 (D. Kan. Dec. 17, 2010) (citing *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010)).

[6] Doc. 156 at 6 (emphasis added).

the "objections reference and discuss testimony from the deposition of Jason Felts which Defendants have designated confidential under the protective order."[7] The Court finds that Plaintiff has not met his burden of demonstrating that there is a significant interest that outweighs the presumption of public access to this document. Simply referencing or discussing information covered by a protective order is not sufficient. After review of the proposed document, the Court observes that reference to Felts' testimony is limited to pages seven and eight and simply contains deposition line numbers, general objections, and discussion of whether Felts' will testify via live testimony. The Court finds no basis to seal or redact any information in this document. Accordingly, Plaintiff's motion for leave to file this document under seal is denied.

With regard to Plaintiff's motion in limine, the Court again finds no basis to seal the document. Plaintiff's motion simply states that "[p]laintiff's motion references and discusses the contents of exhibits and deposition testimony which Defendants have designated confidential under the protective order applicable in this case."[8] Without any argument as to what *specific evidence* raises significant interests in confidentiality, the Court cannot conduct the balancing test to determine whether it is appropriate to file the entire eighteen-page document under seal.

Further, Plaintiff has not demonstrated that the motion in limine or accompanying exhibits could not be redacted. To the extent there is particular, substantive confidential information for which there is some significant interest that outweighs the strong presumption of public access, these exhibits are more amenable to redaction or in camera review. In accordance

---

[7] Doc. 180 at 1.
[8] Doc. 191 at 1.

with the language in the protective order, only upon a showing that these methods are inadequate will the Court consider a motion for leave to file a particular motion or exhibit under seal.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Motion for Leave to File His Objections to Defendant's Deposition Designations Under Seal (Doc. 180) is **denied**, and his Motion for Leave to File his Motion in Limine and Exhibits B, D, and I Under Seal (Doc. 191) is **denied with prejudice**. Plaintiff shall file his motions, any redacted exhibits or motions, and any motions for leave to file unredacted versions under seal.

**IT IS SO ORDERED.**

Dated: May 28, 2019

                                              s/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE